UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT
_____

Case No. 24-12307-G
District Docket No. 22-cv-21397-KMW-EIS
_____

GERMAN BOSQUE, DANIEL KELLY,
SERGIO PEREZ, and LOUIS SERRANO,

     Appellants,

vs.

JAFET CASTRO-REYES,

     Appellee,

_____/

---

**GERMAN BOSQUE'S AND DANIEL KELLY'S
INITIAL BRIEF**

---

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
*Attorneys for Bosque and Kelly*
2455 East Sunrise Boulevard
Suite 1000
Fort Lauderdale, Florida 33304
Christopher J. Stearns
Florida Bar No.: 557870
Jonathan H. Railey
Florida Bar No.: 111717
stearns@jambg.com
railey@jambg.com

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE</u>

## I.    Corporate Disclosures

German Bosque and Daniel Kelly are City of Opa-Locka police officers with no subsidiaries or related business entities.

## II.   Interested Parties

1.  Bosque, German – Appellant

2.  Bradford, Gail C. – Attorney for Appellant, Louis Serrano

3.  Casto-Reyes, Jafet – Appellee

4.  City of Opa-Locka - co-defendant in district court

5.  Dean, Ringers, Morgan and Lawton, P.A. - Attorneys for Appellant, Louis Serrano

6.  Dos Santos, Johan – Attorney for Appellee

7.  Florida League of Cities, Inc.

8.  Florida Municipal Insurance Trust

9.  Johnson, Anselmo, Murdoch, Burke, Piper & Hochman – Attorneys for Appellants, Bosque and Kelly

10. Kelly, Daniel – Appellant

11. Kuehne, Benedict, – Attorney for Appellee

12. Kuehne Davis Law, P.A. – Attorneys for Appellee

13. Michael A. Pizzi, P.A. – Attorneys for Appellee

14. Perez, Sergio – Appellant, co-defendant in district court

15. Pizzi, Michael A. – Attorney for Appellee

16. Railey, Jonathan H. – Attorney for Appellants, Bosque and Kelly

17. Sanchez, Eduardo I. - United States Magistrate Judge

18. Serrano, Louis – Appellant, co-defendant in district court

19. Stearns, Christopher J.– Attorney for Appellants, Bosque and Kelly

20. Williams, Kathleen M. - United States District Court Judge

21. Wydler Law – Attorneys for Appellant, Sergio Perez

22. Wydler, Lourdes – Attorney for Appellant, Sergio Perez

## STATEMENT REGARDING ORAL ARGUMENT

Appellants, German Bosque and Daniel Kelly, welcome oral argument to the extent this Court deems same advisable or necessary.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement ......................i

Statement Regarding Oral Argument ..................................................................... iii

Table of Contents ..................................................................................................iv

Table of Citations ................................................................................................vi

Introduction ..........................................................................................................1

Statement of Jurisdiction........................................................................................2

Statement of the Issue ...........................................................................................3

Statement of the Case............................................................................................4

     A.    Nature of the Case ...................................................................................4

     B.    Statement of the facts ...........................................................................4

     C.    Course of proceedings and disposition below .......................................7

     D.    Standard of review.................................................................................9

Summary of Argument ........................................................................................10

Argument.............................................................................................................11

   I.     **SERGEANT BOSQUE AND OFFICER KELLY ARE ENTITLED TO QUALIFIED IMMUNITY ON THE COUNT II 42 U.S.C. § 1983 FALSE ARREST CLAIM** .............................11

        **A.**    **Qualified immunity, generally** ...............................................11

        **B.**    **Probable cause existed to detain Castro-Reyes under Florida's Baker Act** .......................................13

Conclusion ...................................................................................................18

Certificate of Compliance ..........................................................................19

Certificate of Service ................................................................................20

# TABLE OF CITATIONS

## Cases

*Baker v. City of Madison, Alabama,*
67 F.4th 1268 (11th Cir. 2023) .................................................................15

*Brown v. City of Huntsville, Ala,*
608 F.3d 724 (11th Cir. 2010) ..................................................................16

*Case v. Eslinger,*
555 F.3d 1317 (11th Cir.2009) .................................................................11

*Davis v. Williams,*
451 F.3d 759 (11th Cir. 2006) ..................................................................13

*Hernandez v. Mesa,*
582 U.S. 548 (2017).................................................................................12

*Huebner v. Bradshaw,*
935 F.3d 1183, 1188 (11th Cir. 2019) ......................................................14

*Jones v. Michael,*
656 F. App'x 923 (11th Cir. 2016) ...........................................................16

*Khoury v. Miami-Dade Cnty. Sch. Bd.,*
4 F.4th 1118 (11th Cir. 2021 ....................................................................13

*Lee v. Ferraro,*
284 F.3d 1188 (11th Cir. 2002) ................................................................11

*Mikko v. City of Atlanta, Georgia,*
857 F.3d 1136 (11th Cir. 2017). ...............................................................12

*Pearson v. Callahan,*
555 U.S. 223 (2009) .................................................................................11

*Perez v. Suszczynski,*
809 F.3d 1213 (11th Cir. 2016) ..................................................................9

*Post v. City of Ft. Lauderdale*,
7 F.3d 1552 (11th Cir. 1993) ...................................................................14

*Rankin v. Evans*,
133 F.3d 1425 (11th Cir. 1998) ...............................................................14

*Scott v. Harris*,
550 U.S. 372 (2007)...................................................................................15

*Stanley v. City of Dalton, Ga.*,
219 F.3d 1280 (11th Cir. 2000) .................................................................2

*Swinford v. Santos*,
121 F.4th 179 (11th Cir. 2024) .................................................................14

*Townsend v. Jefferson Cnty.*,
601 F.3d 1152 (11th Cir. 2010) ............................................................9,11

*Vinyard v. Wilson*,
311 F.3d 1340 (11th Cir. 2002) ...............................................................12

*Watkins v. Bigwood*,
2023 WL 3711827 (11th Cir. May 30, 2023)....................................13, 14

*White v. Pauly*,
580 U.S. 73 (2017)....................................................................................12

*Wilson v. Layne*,
526 U.S. 603 (1999)..................................................................................12

## Statutes and Rules

§ 394.463(1)(b)(2), Fla. Stat. ..................................................................14

42 U.S.C. § 1983 ............................................................................ passim

Fed. R. App. P. 32(a)(5)............................................................................19

Fed. R. App. P. 32(a)(7)(B)(i)...................................................................19

Fed. R. App. P. 32(f)..............................................................................19

Fed. R. App. P. 32(a)(6).......................................................................19

# <u>INTRODUCTION</u>

In this Initial Brief, Appellant, German Bosque, refers to himself as "Sergeant Bosque" or "Bosque."

Appellant, Daniel Kelly, refers to himself as "Officer Kelly" or "Kelly."

Appellants refers to Appellee, Jafet Castro-Reyes, as "Castro-Reyes" or "Appellee."

Appellants cite to the record on appeal using the district court's docket entry numbers, thusly:

[DE [number] at [page]].

## **STATEMENT OF JURISDICTION**

Sergeant Bosque and Officer Kelly seek interlocutory review of the district court's order [DE 159] denying their entitlement to qualified immunity on the Count II 42 U.S.C. § 1983 false arrest claim within their motion for summary judgment [DE 100].

This Court has jurisdiction. See, e.g., *Stanley v. City of Dalton, Ga*., 219 F.3d 1280, 1286 (11th Cir. 2000) ("A public official may file an interlocutory appeal of the denial of qualified immunity where the disputed issue is whether the official's conduct violated clearly established law.").

## <u>STATEMENT OF THE ISSUE</u>

Whether the district court incorrectly denied Sergeant Bosque's and Officer Kelly's entitlement to qualified immunity on the 42 U.S.C. § 1983 claim when their conduct did not violate any clearly established right and they had probable cause to detain Castro-Reyes under Florida's Baker Act.

## STATEMENT OF THE CASE

### A.  Nature of the Case

Sergeant Bosque and Officer Kelly appeal the district court's denial of qualified immunity on the Count II 42 U.S.C. § 1983 false arrest claim asserted against them.

### B.  Statement of the Facts

At all material times, Sergeant Bosque and Officer Kelly were City of Opa-Locka ("City") police officers. [DE 98-1] at ¶ 2; [DE 98-2] at ¶ 2. On September 21, 2020, Sergeant Bosque and Officer Kelly were dispatched in emergency mode to a 911 call originating from 2544 York Street, Apartment 3 ("Apartment"), located within City limits, in reference to a violent family member possibly high on drugs ("Subject Incident"). [DE 98] at p. 1, ¶ 1.

Upon their arrival, Castro-Reyes' family members instructed Sergeant Bosque and Officer Kelly to enter the Apartment. [DE 98] at pp. 1-2, ¶¶ 2-3. Sergeant Bosque's and Officer Kelly's body-worn cameras (and other responding officers' body-worn cameras) were activated at all relevant times. [DE 98] at p. 5, ¶ 24; [DE 97], generally. Once inside the Apartment, Sergeant Bosque and Officer Kelly found Castro-Reyes tied up with wires and cords and restrained by a family member on the floor. [DE 98] at p. 2, ¶ 4. Sergeant Bosque and Officer Kelly also observed Castro-Reyes shouting loudly in Spanish. [DE 98] at p. 2, ¶ 6; [DE 97].

Sergeant Bosque instructed Officer Kelly to attempt to handcuff Castro-Reyes because he did not believe the wires and cords Castro-Reyes' family used to try to secure Castro-Reyes were safe. [DE 98] at p. 2, ¶ 6. Sergeant Bosque's command to handcuff Castro-Reyes was not made with the intent to arrest Castro-Reyes but rather to temporarily secure and control the scene, protect Casto-Reyes' safety, and protect the safety of all responding officers. [DE 98] at pp. 2-3, ¶ 7.

Castro-Reyes violently resisted Officer Kelly's efforts to handcuff him. [DE 98] at p. 3, ¶ 8; [DE 97]. Castro-Reyes combatively yelled in Spanish "I AM GOD" as he kicked, fought, and exhibited multiple levels of mentally unstable behavior. [DE 98] at p. 3, ¶ 8. Castro-Reyes failed to respond to Sergeant Bosque's simple questions, such as what Castro-Reyes' name was, and Sergeant Bosque formulated an opinion that Castro-Reyes was under the influence of some alcohol and/or drugs. [DE 98] at p. 3, ¶ 10.

Pamela Betancourth, Castro-Reyes' family member, assumed Castro-Reyes had smoked marijuana and told police officers on scene that it was possible Castro-Reyes consumed marijuana. [DE 98] at p. 4, ¶ 14. Another family member, Josue Varela, was with Castro-Reyes on September 21, 2020, and believed Castro-Reyes needed help because Castro-Reyes was "unrecognizable" and not acting normal. [DE 98] at p. 4, ¶ 15. Varela assisted in calling 911 because he was concerned about Castro-Reyes' health and safety. [DE 98] at p. 4, ¶ 16.

Similarly, Misael Perez described Castro-Reyes' health as "not okay," "hyperactive," "not well," and "in bad condition," which resulted in family members calling 911 for assistance. [DE 98] at p. 4, ¶ 17. Perez observed that Castro-Reyes removed the furniture from inside of the Apartment, found it odd that Castro-Reyes moved the furniture outside, and said that Castro-Reyes conveyed to him that he was trying to cleanse his life. [DE 98] at p. 4, ¶ 18. Perez helped tie up Castro-Reyes prior to City officers' arrival to calm Castro-Reyes down and explained how Castro-Reyes resisted his family members' efforts to secure him. [DE 98] at p. 4, ¶ 19.

Castro-Reyes' aunt, Rina Ayala, was also present at the Apartment on September 21, 2020. [DE 98] at p. 5, ¶ 20. She expressed concern for Castro-Reyes' health and safety and considered the situation to be serious because Castro-Reyes is a "strong guy." [DE 98] at p. 5, ¶ 20. Ayala described Castro-Reyes' behavior on September 21, 2020, as "weird," believed Castro-Reyes may have been under the influence of drugs or alcohol, and said that 911 was called because Castro-Reyes was not his usual self. [DE 98] at p. 5, ¶¶ 21-22.

Sergeant Bosque believed, and Castro-Reyes' family members agreed, that Castro-Reyes was acting in a manner that endangered himself and others. [DE 98] at p. 3, ¶ 9. As a result of Castro-Reyes' observed erratic and unstable behavior, Sergeant Bosque declared a "43" (Baker Act) over his police radio. [DE 98] at p. 3, ¶ 9. Emergency backup City police officers were requested and arrived at the

Apartment to assist in the efforts to secure Castro-Reyes. [DE 98] at p. 3, ¶ 11. Based on personal observations regarding Castro-Reyes' behavior and from what officers learned from Castro-Reyes' family members on scene, Sergeant Bosque believed probable cause existed to detain Castro-Reyes under Florida's Baker Act. [DE 98] at p. 6, ¶ 29.

Sergeant Bosque and Officer Kelly did not have any further physical involvement with Plaintiff at the Apartment on September 21, 2020. [DE 98] at p. 3, ¶ 12. Sergeant Bosque and Officer Kelly responded to the Apartment in accordance with their legitimate job-related duties, within the course and scope of their duties, and acted solely based on information conveyed to them and their own observations. [DE 98] at p. 7, ¶ 33.

Ultimately, following multiple efforts and methods employed by other officers to control the chaotic scene, Castro-Reyes was secured and transported to Jackson Hospital for psychological evaluation under Florida's Baker Act. [DE 98] at pp. 3-4, ¶ 13; p. 5, ¶ 23. Castro-Reyes did not recall anything about the events that occurred on September 21, 2020. [DE 98] at p. 7, ¶ 35.

## C.  Course of Proceedings and Disposition Below

On December 31, 2022, Castro-Reyes filed the operative First Amended Complaint in the United States District Court for the Southern District of Florida asserting multiple federal constitutional and state law claims against the City,

Sergeant Bosque, Officer Kelly, Louis Serrano, and Sergio Perez in connection with the September 21, 2020, Subject Incident. [DE 48], generally.

Castro Reyes sued Sergeant Bosque and Officer Kelly for "illegal entry into home" under 42 U.S.C. § 1983 (Count I), false arrest under 42 U.S.C. § 1983 (Count II), excessive force under 42 U.S.C. § 1983 (Count III), common law assault and battery (Count IV), and common law false imprisonment (Count V). *Id.* at pp. 9-20.

On August 18, 2023, Sergeant Bosque and Officer Kelly filed their motion for summary judgment on all counts asserted against them and a corresponding statement of facts. [DE 98]; [DE 100]. On September 29, 2023, Castro-Reyes filed his response in opposition to Sergeant Bosque's and Officer Kelly's motion for summary judgment and statement of facts. [DE 131]; [DE 134]. On October 13, 2023, Sergeant Bosque and Officer Kelly replied in support of their motion for summary judgment. [DE 142]; [DE 143].

On June 17, 2024, the district court entered an omnibus order on Sergeant Bosque's, Officer Kelly's, and all other defendants' motions for summary judgment filed in the matter. [DE 159]. In relevant part, the district court found that Sergeant Bosque and Officer Kelly were entitled to qualified immunity on the Count I "illegal entry" and Count III excessive force claims asserted against them via 42 U.S.C. § 1983 and entered summary judgment in their favor on those claims. *Id.* at pp. 14-16; 18-20; 37-38.

The district court further held that Sergeant Bosque and Officer Kelly were entitled to statutory immunity on the common law claims asserted against them (Counts IV and V) and entered summary judgment in their favor on those claims. *Id.* at pp. 30, 33, 37-38.

The district court denied Sergeant Bosque's and Officer Kelly's entitlement to qualified immunity on the Count II 42 U.S.C. § 1983 false arrest claim asserted against them. *Id.* at pp. 16-18. This interlocutory appeal regarding the denial of qualified immunity on the Count II 42 U.S.C. § 1983 false arrest claim followed. [DE 162].

**D.    Standard of Review**

This Court reviews de novo a denial of qualified immunity. *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1157 (11th Cir. 2010); *Perez v. Suszczynski*, 809 F.3d 1213, 1216 (11th Cir. 2016) ("We review de novo the district court's denial of summary judgment and determination that Suszczynski is not entitled to qualified immunity.").

## SUMMARY OF THE ARGUMENT

The district court erroneously denied Sergeant Bosque's and Officer Kelly's entitlement to qualified immunity on the Count II 42 U.S.C. § 1983 false arrest claim asserted against them. The officers did not violate any clearly established constitutional right and probable cause otherwise existed to detain Castro-Reyes under Florida's Baker Act.

This Court should reverse.

**ARGUMENT**

## I. SERGEANT BOSQUE AND OFFICER KELLY ARE ENTITLED TO QUALIFIED IMMUNITY ON THE COUNT II 42 U.S.C. § 1983 FALSE ARREST CLAIM

### A. Qualified immunity, generally

"The doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir.2009), citing *Townsend*, 601 F.3d at 1157.

The doctrine of qualified immunity protects "all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). The doctrine applies "regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (cleaned up) (further explaining that qualified immunity "balances two important interests: the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably").

To be entitled to qualified immunity, an official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful

acts occurred." *Mikko v. City of Atlanta, Georgia*, 857 F.3d 1136, 1143-1144 (11th Cir. 2017). If he does that, the burden shifts to the plaintiff to establish "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* at 1144.

The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002) (noting that whether a constitutional right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition"); see also *Wilson v. Layne*, 526 U.S. 603, 615 (1999) ("This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent").

Courts constrict the relevant inquiry to "the facts that were know[n] to the defendant officers" when they engaged in the conduct at issue. *White v. Pauly*, 580 U.S. 73, 77 (2017). With that said, "facts an officer learns after the incident ends- whether those facts would support granting immunity or denying it- are not relevant." *Hernandez v. Mesa*, 582 U.S. 548, 554 (2017).

*Sub judice,* the record is devoid of any evidence establishing that Sergeant Bosque or Officer Kelly knowingly violated any constitutional right, or acted

incompetently, in connection with the Subject Incident. Indeed, the uncontroverted record evidence establishes that Sergeant Bosque and Officer Kelly arrived at a chaotic scene involving an individual "suffering from mental illness" and acted in accordance with their legitimate job-related duties based on information conveyed to them by the 911 dispatch call and Castro-Reyes' family members and based on their personal observations and experiences inside of the Apartment on September 21, 2020. [DE 98] at p. 2, ¶¶ 4-6; p. 3, ¶¶ 8-10; [DE 97]; [DE 48] at pg. 1. Sergeant Bosque and Officer Kelly were and remain entitled to judgment on Count II.

## B. Probable cause existed to detain Castro-Reyes under Florida's Baker Act

Sergeant Bosque and Officer Kelly had probable cause to detain Castro-Reyes under Florida's Baker Act on September 21, 2020, and therefore are entitled to qualified immunity on the Count II 42 U.S.C. § 1983 false arrest claim asserted against them.

Officers are entitled to qualified immunity if they had arguable probable cause to detain under Florida's Baker Act. *Watkins v. Bigwood*, 2023 WL 3711827, at *4 (11th Cir. May 30, 2023). Courts look to the totality of the circumstances to determine whether arguable probable cause existed to detain under Florida's Baker Act. See *Khoury v. Miami-Dade Cnty. Sch. Bd.*, 4 F.4th 1118, 1126 (11th Cir. 2021), citing *Davis v. Williams*, 451 F.3d 759, 763–64 (11th Cir. 2006). In order to involuntarily commit someone for a mental health examination under the Baker Act,

an officer must have "reason to believe that the person has a mental illness and because of his mental illness there is a substantial likelihood that without care or treatment the person will cause serious bodily harm to himself or others in the near future, as evidenced by recent behavior." *Id.,* citing Fla. Stat. § 394.463(1)(b)(2) (cleaned up).

Relevant recent behavior may include "causing, attempting, or threatening to do [serious bodily] harm." *Watkins,* 2023 WL 3711827, at *3. Officers are not "required to sift through conflicting evidence or explanations or resolve issues of credibility when assessing probable cause." *Huebner v. Bradshaw*, 935 F.3d 1183, 1188 (11th Cir. 2019). Arguable probable cause exists if a reasonable officer, knowing the information the involved officer possessed, could have believed that probable cause existed to involuntarily commit the individual. See *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1558 (11th Cir. 1993). The existence of probable cause constitutes an absolute bar to a false arrest claim. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998).

Here, Sergeant Bosque and Officer Kelly had probable cause to detain Castro-Reyes under Florida's Baker Act. Sergeant Bosque's and Officer Kelly's body-worn cameras were activated at all relevant times. [DE 98] at p. 5, ¶ 24. Those cameras (and the other responding officers' body-worn cameras part of the summary judgment record) are the best evidence in this case. [DE 97], generally; *Swinford v.*

*Santos*, 121 F.4th 179, 190 (11th Cir. 2024) ("Where a video is clear and obviously contradicts the plaintiff's alleged facts, we accept the video's depiction instead of the complaint's account and view the facts in the light depicted by the video"); *Baker v. City of Madison*, *Alabama*, 67 F.4th 1268, 1277-1278 (11th Cir. 2023). "After all, courts are not required to rely on 'visible fiction.'" *Baker,* 67 F.4th at 1278, citing *Scott v. Harris*, 550 U.S. 372, 381(2007). *Sub judice,* the body-worn cameras depict a chaotic scene in which Castro-Reyes is, amongst other erratic behaviors, proclaiming his intention to fight the officers attempting to secure the scene. [DE 97].

Likewise, Sergeant Bosque instructed Officer Kelly to attempt to handcuff Castro-Reyes because he did not believe the wires and cords Castro-Reyes' family used to try to secure Castro-Reyes were safe. [DE 98] at p. 2, ¶ 6. Sergeant Bosque's command to handcuff Castro-Reyes was not made with the intent to arrest Castro-Reyes but rather to temporarily secure and control the scene, protect Casto-Reyes' safety, and protect the safety of all responding officers. [DE 98] at pp. 2-3, ¶ 7. Sergeant Bosque believed, and Castro-Reyes' family members agreed, that Castro-Reyes acted in a manner that endangered himself and others. [DE 98] at p. 3, ¶ 9.

Castro-Reyes combatively yelled in Spanish "I AM GOD" as he kicked, fought, and exhibited multiple levels of mentally unstable behavior. [DE 98] at p. 3, ¶ 8. Castro-Reyes failed to respond to Sergeant Bosque's simple questions, such as

what Castro-Reyes' name was, and Sergeant Bosque formulated an opinion that Castro-Reyes was under the influence of some alcohol and/or drugs. [DE 98] at p. 3, ¶ 10. Multiple family members of Castro-Reyes shared these same beliefs. [DE 98] at p. 4, ¶¶ 14-19; p. 5, ¶¶ 20-22.

Moreover, as clearly and indisputably depicted by the officers' body-worn cameras, the officers were entitled to qualified immunity because they had arguable probable cause to arrest Castro-Reyes for resisting arrest. [DE 97], generally. *Brown v. City of Huntsville, Ala*., 608 F.3d 724, 735, fn. 16 (11th Cir. 2010) ("Sergeant Norris is entitled to qualified immunity if he had arguable probable cause to arrest either for disorderly conduct or for resisting arrest"); *Jones v. Michael*, 656 F. App'x 923, 929 (11th Cir. 2016) ("Because arguable probable cause existed to arrest Jones for resisting without violence, Officer Negron is entitled to qualified immunity from Jones's claim for false arrest").

In the end, based on information learned from family members on scene and based on what they personally observed and experienced at the Apartment on September 21, 2020, Sergeant Bosque and Officer Kelly reasonably believed that probable cause existed to detain Castro-Reyes under Florida's Baker Act and to arrest Castro-Reyes for resisting. [DE 98] at p. 3, ¶ 9; p. 6, ¶ 29. No jury question exists regarding whether a reasonable officer could have concluded that there was a substantial likelihood that Castro-Reyes was a danger either to himself or any of the

responding officers as they navigated a fluid and hectic environment. Sergeant Bosque and Officer Kelly were and remain entitled to qualified immunity on the Count II 42 U.S.C. § 1983 false arrest claim asserted against them.

## CONCLUSION

Qualified immunity bars the Count II 42 U.S.C. § 1983 false arrest claim asserted against Sergeant Bosque and Officer Kelly. The district court's decision denying summary judgment in Sergeant Bosque's and Officer Kelly's favor on Count II should be reversed.

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,147 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

DATED this 20th day of December 2024.

BY: */s/Christopher J. Stearns*
CHRISTOPHER J. STEARNS
Florida Bar No. 557870

*/s/Jonathan H. Railey*
JONATHAN H. RAILEY
Florida Bar No. 111717

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of December 2024, I electronically filed the foregoing document with the 11th Circuit Court of Appeals by using the U.S. Court of Appeals CM/ECF, Official Attorney Electronic Document Filing System. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail or by electronic mail to any non U.S. Court of Appeals CM/ECF, Official Attorney Electronic Document Filing System participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by the U.S. Court of Appeals CM/ECF, Official Attorney Electronic Document Filing System to any and all active participants.

<div style="margin-left:40%">

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Counsel for Bosque and Kelly**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: (954) 463-0100
Fax: (954) 463-2444


By:    */s/Christopher J. Stearns*
        CHRISTOPHER J. STEARNS
        Fla. Bar No. 557870
        */s/ Jonathan H. Railey*
        JONATHAN H. RAILEY
        Fla. Bar No. 111717

</div>